**Joyce A. MILLER, Appellant**

v.

**UNIVERSITY OF PITTSBURGH MEDICAL CENTER, McKeesport, Appellee.**

No. 08–3359.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on Oct. 27, 2009.

Opinion Filed: Oct. 29, 2009.

James W. Carroll, Jr., Esq., Rothman Gordon, Pittsburgh, PA, for Appellant.

Kimberly A. Craver, Esq., John J. Myers, Esq., Eckert, Seamans, Cherin & Mellott, Pittsburgh, PA, for Appellee.

Before: SLOVITER, FUENTES, and HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

Joyce Miller appeals the District Court's grant of the University of Pittsburgh Medical Center's ("UPMC") motion for summary judgment on her claims under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). For the following reasons, we will affirm the judgment of the District Court.[1]

### I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. Miller was hired in May 1991 as a surgical technologist by UPMC. She contracted Hepatitis C during her employment and received three separate leaves of absence between 1999 and November 2004 to obtain treatment. Miller's final treatment rendered the virus non-active and she returned to work in November 2004, but was initially restricted to forty hours each week and eight-hour shifts.

Between November 2004 and November 2005, Miller had thirteen unscheduled absences. On April 5, 2005, Miller received a verbal warning for poor attendance, as she had missed nine days of work during the prior twelve months. On June 1, 2005, Miller received a written warning for missing ten days; on August 18, 2005, she received a three-day suspension because she had missed twelve days; and on December 1, 2005, she received a five-day suspension, pending termination, for hav-

ing missed thirteen days. A report documenting the reasons Miller offered when calling in absent indicates that she never attributed her absences to Hepatitis C, instead typically stating she was not feeling well, vomiting, sick, or ill. She was terminated effective December 8, 2005 for excessive absenteeism in violation of UPMC's Absence and Tardiness policy.

Miller brought an action asserting claims for discrimination, failure to accommodate, and retaliation under the ADA, as well as other claims that are not the subject of this appeal.[2] The District Court concluded that Miller could not make out a prima facie case of disability discrimination as she had not shown that she was qualified to perform the essential functions of her job, which the court found included attendance and being able to "take calls and work shifts as required." Accordingly, on July 10, 2008, the court granted summary judgment to UPMC on Miller's federal claims and, declining to exercise supplemental jurisdiction, dismissed her state-law claims without prejudice.

On appeal, Miller argues that the District Court erred in (1) determining that she is not a qualified individual within the meaning of the ADA; and (2) finding that UPMC followed it own policies regarding absence and tardiness.[3]

### II.

To state a claim under the ADA, an individual must (1) be disabled within the meaning of the ADA; (2) be otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations; and (3) have suffered an

1. The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2. Since Pennsylvania courts interpret the PHRA in accord with the ADA, our analysis will apply to Miller's claims under both stat-

utes. *See Buskirk v. Apollo Metals,* 307 F.3d 160, 166 n. 1 (3d Cir.2002).

3. We exercise plenary review over a district court's summary judgment ruling. *Township of Piscataway v. Duke Energy,* 488 F.3d 203, 208 (3d Cir.2007).

729

adverse employment decision. The District Court found that Miller failed to satisfy the second of these elements.

In determining what constitutes the essential functions of a position, courts consider factors including the employer's judgment of essential functions and a written description of the position. *See Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 146 (3d Cir.1998) (en banc). The District Court noted that Miller's supervisor identified attendance and taking call as essential functions of her position. The "Responsibilities" section of her job description includes "Take call and work shifts as required." A footnote identifies these responsibilities as "principal functions."

■ Attendance can constitute an essential function under the ADA and the District Court properly determined it was essential to Miller's position as an emergency room technician. *See, e.g., Jovanovic v. In–Sink–Erator Div. of Emerson Elec. Co.*, 201 F.3d 894, 899–900 (7th Cir. 2000) ("Common sense dictates that regular attendance is usually an essential in most every employment setting; if one is not present, he is usually unable to perform his job.") Although we have not directly ruled on the issue, we have summarily affirmed two district court cases that have held accordingly. *See Santiago v. Temple Univ.*, 739 F.Supp. 974, 979 (E.D.Pa.1990) *aff'd*, 928 F.2d 396 (3d Cir. 1991); *Johnson v. Children's Hosp. of Phila.*, Civ. A. No. 94–5698, 1995 WL 338497 at *2 (E.D.Pa. June 5, 1995), *aff'd*, 79 F.3d 1138 (3d Cir.1996). Given the nature of Miller's job, assisting during surgery performed in the hospital, we find it evident that attendance is an essential element of this position. Plaintiff did not provide evidence of a reasonable accommodation that would enable her to perform this essential function. Accordingly, we will affirm the District Court's determination.

■ Even assuming, arguendo, that Miller were capable of performing the essential functions of her job, we would still affirm the judgment of the District Court. When a plaintiff makes out a *prima facie* case of ADA discrimination, "the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir.2000) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Here, UPMC cited Miller's absences as the nondiscriminatory reason for firing her. Miller claims, unpersuasively in our view, that UPMC failed to follow its own written procedures. Yet Miller offers no evidence that she was treated any differently than non-disabled employees, who had similar records of absenteeism. Accordingly, we find no material issue of fact in dispute regarding the legitimacy of UPMC's nondiscriminatory reason for the termination.

For the foregoing reasons, we will affirm the District Court.